UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TERESA FARRELL,

                        Plaintiff,                    **REPORT AND**
                                                      **RECOMMENDATION**
            -against-                                 CV 04-3412 (JS)(ARL)


KING KULLEN GROCERY COMPANY, INC.,

                        Defendant.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is a motion by the plaintiff, Teresa Farrell, to amend her complaint

pursuant to Federal Rule of Civil Procedure 15.  The plaintiff seeks to add a claim for intentional

infliction of emotional distress.  The plaintiff also seeks to add Thomas Nagle, John Santoro and

Deborah Accovelli as individual defendants.  The defendant opposes the motion on the grounds

that it was made past the deadline in the pretrial scheduling order for making such a motion and

that the plaintiff has not articulated good cause for the amendment.  The court agrees with the

defendant, and recommends that the motion be denied.

       At the December 8, 2004 initial conference of this matter, the undersigned entered a

pretrial scheduling order that required that any motions to amend the pleadings or to join

additional parties be completed by May 3, 2005.  Almost three months after the deadline, the

court received a letter dated July 18, 2005, from Andrew Schatkin, Esq., stating that he had been

retained as plaintiff's counsel and requesting that the court enter a new scheduling order that will

give him time to amend the plaintiff's complaint.  By order dated July 20, 2005, the court

rejected that letter because Mr. Schatkin had not filed a notice of appearance, and thus, was not

the attorney of record for the plaintiff.  The court also advised that Mr. Schatkin that leave to

amend the complaint would not automatically be granted because new counsel was retained and

explained that whether leave should be granted is properly the subject of motion practice. Mr. Schatkin then filed a notice of appearance and, notwithstanding the court's prior instruction that a motion is required for leave to amend the complaint, reapplied to the court by letter dated July 21, 2005 for an extension of the deadlines in the pretrial scheduling order so that he could amend the complaint and conduct discovery. By order dated July 27, 2005, the undersigned denied that application because the May 3, 2005 deadline for the submission of a motion to amend the complaint had expired and permitted the plaintiff to make a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 16(b). The court reminded the plaintiff that the motion would be granted only upon a showing of good cause as is required by Rule 16(b). Notwithstanding the court's guidance, the plaintiff has moved to amend her complaint pursuant only to Rule 15's liberal standard.

The law is clear that the plaintiff's motion must be determined under Rule 16(b)'s good cause standard rather than the more liberal standard of Rule 15. *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000), *DeSantis v. Roz-ber, Inc.,* 51 F. Supp. 2d 244, 247 (E.D.N.Y. 1999). Rule 16(b) requires that deadlines be set for proceedings such as joinder of parties and amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker,* 204 F.3d at 339 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). In some cases, the court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline. The rule plainly states, however, that a scheduling order "shall not be modified except upon a showing of good cause." The Second Circuit, in *Parker,* adopted the standard already in place in other Circuits, holding that "despite the lenient standard of Rule

2

15(a), the district court does not abuse its discretion in denying leave to amend the pleading after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id.* at 340. Moreover, "a finding of good cause depends on the diligence of the moving party."

Here, the plaintiff has not established good cause, nor has she even attempted to make such a showing. She argues that "leave to amend the pleading is to be freely given when justice so requires,"[1] and that the amendments sought will not result in prejudice to the defendant. These are not the standards that apply. Thus, the undersigned recommends that the motion be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days from service of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. June 30, 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992).

Dated: Central Islip, New York
      October 5, 2005

                                  _____/s/_____
                                  ARLENE ROSARIO LINDSAY
                                  United States Magistrate Judge

---

[1]The plaintiff has largely cited to cases outside of this court's jurisdiction for well-established principles of law. In fact, of the twenty-four cases cited in plaintiff's memorandum of law, only five are from courts within the Second Circuit. The court notes that reliance on such cases should be limited to instances where the courts within the Second Circuit have not spoken on the particular legal issue.